DECISION
{¶ 1} Defendant-appellant, Torrance D. Bagley, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief under R.C. 2953.21. Because the trial court lacked jurisdiction to consider defendant's petition, we vacate the trial court's decision and remand with instructions to dismiss.
{¶ 2} By indictment filed December 5, 1995, defendant was charged with one count of felonious assault under R.C. 2903.11, an aggravated felony of the second degree, with two specifications. Pursuant to a jury trial commenced on March 28, 1996, defendant was found guilty of felonious assault with a firearm specification. By entry filed April 3, 1996, the trial court sentenced defendant to eight to 15 years, plus three years for the firearm specification. On appeal, this court affirmed the trial court's decision. State v. Bagley (Oct. 15, 1996), Franklin App. No. 96APA04-554.
{¶ 3} On January 25, 2001, defendant filed a "Motion for Petition to vacate or set aside sentence and/or Post Conviction Petition with Evidentiary Hearing Requested." Plaintiff-appellee, State of Ohio, responded with a memorandum contending that (1) the petition was not timely filed, (2) it was barred by the doctrine of res judicata, and (3) it lacked the necessary documentary evidence. By entry filed March 12, 2002, the trial court denied the petition. Defendant appeals, assigning the following errors:
{¶ 4} "1. Ineffective assistance of counsel: where counsel fail[ed] to object to the trial court['s] jury instruction of not including lesser included offense of aggravated assault R.C. 2903.12, and failing to object to the indictment not having the proper offense and providing witnesses for the appellant.
{¶ 5} "2. The judge error [sic] went [sic] the judge fail[ed] to includ[e] a lesser included offense to the jury in the instruction and the verdict of guilty was against the manifest weight of the evidence.
{¶ 6} "3. Prosecution misconduct/malicious and/or vindictive prosecution by over indictment of the appellant and confrontation of the witnesses in the state demand for discovery."
{¶ 7} Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.21(A)(1) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." R.C. 2953.21(A)(2). Here, defendant was found to have committed felonious assault on November 1, 1995, subsequent to the amendment to R.C. 2953.21. Thus, the time constraints imposed under R.C. 2953.21(A)(2) apply here. The entry of conviction was filed on April 3, 1996, and defendant's appeal was determined on October 15, 1996. Defendant did not file his petition for post-conviction relief until January 25, 2001, well outside the time limits imposed under R.C.2953.21(A)(2).
{¶ 8} While R.C. 2953.23 contains exceptions to the time limits imposed under R.C. 2953.21, defendant does not assert any of them applies. Because defendant failed to file his petition for post-conviction relief within the time constraints imposed by statute, the trial court was without jurisdiction to determine the issues raised in defendant's petition. State v. Hayden (Dec. 6, 2001), Franklin App. No. 01AP-728; State v. Nelms (July 10, 2001), Franklin App. No. 00AP-1465. Accordingly, the trial court properly should have dismissed, not denied, defendant's petition. In any event, however, the trial court did not err in failing to sustain any of the arguments defendant presented, as the court was without jurisdiction to do so.
{¶ 9} Because the trial court lacked jurisdiction to consider defendant's petition, we vacate the judgment of the trial court, and remand with instructions to dismiss defendant's petition for lack of jurisdiction.
Judgment vacated; case remanded with instructions to dismiss petition.
TYACK, P.J., and PETREE, J., concur.